## ARMSTRONG, CATOR & CO. v. P. W. GUENTHER.

ASSIGNMENT FOR CREDITORS. *Schedules. Provision for creditors not named. Discretion of assignee.*

An assignment for the benefit of his creditors by an insolvent debtor is not void because, after providing for the payment of the preferred creditors named in a schedule, it directs the payment of the balance *pro rata* to creditors named in a second schedule, "together with any other creditors of the party of the first part, who may have a just and legal indebtedness against the said party of the first part, and who may have been omitted from the said second schedule." Such provision for creditors, who may have been overlooked, is proper.

FROM the circuit court of Montgomery county.

HON. C. H. CAMPBELL, Judge.

The appellants, Armstrong, Cator & Co., sued out an attachment in the justice court against the appellee, P. W. Guenther, and caused a writ to be levied upon certain goods which the latter had assigned for the benefit of his creditors, and which plaintiffs allege were conveyed in fraud of his creditors. In support of this contention, plaintiffs rely upon a clause in the assignment as rendering it fraudulent upon its face as against creditors. The clause in controversy is set out in the opinion, and the only question in the case is that which arises upon its legality. Judgment was rendered in the justice court in favor of defendant, and plaintiffs appealed to the circuit court, where under the ruling of the court a similar judgment was rendered.

*Sweatman, Trotter & Knox,* for appellants.

It is proper for us to state that we do not urge the point against the assignment in this case with a degree of confidence manifested

by some attorneys upon the same question ; but submit to the court reasons for holding the assignment void, and the authorities in support of that view.

Such a clause vests in the assignee a discretion inconsistent with the rights of creditors in schedule " C," and enables him to postpone, for an indefinite time, a settlement with these creditors on the pretext that he has not determined who are the unknown creditors of the grantor.   No time is fixed within which they are to register or to make known their claims.   *Mayer* v. *Shields*, 59 Miss. 107 ; *Polkinghorne* v. *Martinez*, 65 Ib. 272.   Such a clause virtually enables the assignee arbitrarily to decide who are creditors.

*Calhoon & Green*, for appellee.

There is no discretion allowed to the assignee.   On the contrary, the assignment expressly declares that all other creditors, if any omitted by name, are to be embraced in schedule " C."   Nor is it true that this stipulation gives the assignee power to postpone indefinitely a distribution.   If the names of all creditors had been omitted, the assignment would have been good.   *Mayer* v. *Shields*, *supra*, has no application.   The presumption is that the assignee will honestly execute his trust.   If he abuses it, he is subject to restraint by the chancery court.   *Marqueze* v. *Richardson*, 59 Miss. 96.

WOODS, C. J., delivered the opinion of the court.

The fourth paragraph of the deed of assignment directs that (after certain payments to preferred creditors), " if any balance shall remain, after paying in full the debts mentioned in schedules A and B, such balance shall be paid *pro rata* to the other creditors of the party of the first part, who are mentioned in schedule C hereto annexed, together with any other creditor of the party of the first part who may have a just and legal indebtedness against the said party of the first part, and who may have been omitted from said schedule C."

The single question is, does this authority conferred upon the assignee to pay any creditor who has been omitted from schedule C render the deed of assignment void ?

The contention of appellants' counsel is that this authority clothes the assignee with too much power, and with a discretion inconsistent with the rights of creditors in schedule C, by enabling him to postpone a settlement indefinitely.

Appellants' counsel confess that the proposition is not advanced with great confidence, and the acknowledgment is in every way creditable to the well-known soundness of their judgment, for we fail to see any force whatever in it. On the contrary, this provision for any forgotten creditor appears to us to be right and proper.

If the assignee shall make this provision a pretext for delaying settlement, a court of chancery can readily apply the quickening corrective, as it may in case of any dilatoriness of any other assignee.

*Affirmed.*